J-S08042-24

2024 PA Super 78

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ANTHONY ROSARIO | : | |
| | : | |
| Appellant | : | No. 1430 MDA 2023 |

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001837-2020

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                                    **FILED: APRIL 22, 2024**

Appellant, David Anthony Rosario, appeals from the order entered by the Court of Common Pleas of Schuylkill County denying him relief on his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

Testimony provided at Appellant's August 15, 2023, PCRA hearing supplies the pertinent facts and procedural history of the present matter. Specifically, a criminal information filed on July 13, 2020, charged Appellant with Aggravated Assault—Attempt to Cause Bodily Injury to a Designated Person,[1] Simple Assault,[2] and Harassment[3] for the attack of a corrections officer he committed while an inmate at SCI-Mahanoy. N.T. (PCRA), 8/15/23,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(3).
[2] 18 Pa.C.S. § 2701(a)(1).
[3] 18 Pa.C.S. § 2709(a)(1).

at 4; C.R. #1. The attack, which consisted of tripping the corrections officer to the ground, jumping on top of him, and delivering multiple punches to the face was captured on the prison's video monitoring system. N.T. at 21-22.

Appellant's first appointed counsel represented him at his teleconferenced preliminary hearing of August 17, 2020, and allegedly waived the preliminary hearing despite his protestations. N.T. at 5. For both this reason and appointed counsel's alleged failure to supply Appellant with requested discovery, Appellant petitioned the trial court for a change of counsel. N.T. at 6. The court complied and appointed Attorney Adam Weaver as new trial counsel on October 29, 2021. N.T. at 6, 20.

Attorney Weaver provided Appellant with discovery documentation and held several phone conversations with him to discuss the merits of his defense and the Commonwealth's offer of a plea agreement. N.T. at 21-22. In their conversations, Attorney Weaver shared his position that because the video of the attack was consistent with the charges filed and the photo of the officer's face depicted considerable injuries, it would be in Appellant's best interest to avoid a trial in favor of continuing plea negotiations on what was then an offer of 36 to 72 months' incarceration to be run consecutively to the sentence he was serving. N.T. at 22-24.[4]

With respect to the potential for success of a Pa.R.Crim.P. 600 motion, Attorney Weaver testified that he drafted a Rule 600 motion and showed it to

---

[4] Counsel indicated that the standard range sentence applicable to Appellant on the aggravated assault charge was 33 months +/- 6 months. N.T. at 24.

Appellant at the courthouse on the day of jury selection. N.T. at 25.[5] He advised Appellant that the motion superficially seemed meritorious because 567 days had passed since the filing of the criminal complaint, but his understanding was that an adjusted run date[6] had not yet passed when calculated in accordance with a recent decision authored by the president judge of the Schuylkill County Court of Common Pleas, which held that all the court's Covid-19 related emergency orders suspended Rule 600 time computations during the time such orders were in effect. N.T. at 26-27.

Attorney Weaver also advised Appellant that the Commonwealth had just revised the plea offer, bringing its terms down to a bottom-end, standard range sentence of 27 to 54 months' incarceration. While no one in the District Attorney's office told Attorney Weaver that the new deal was contingent on his filing no further pretrial motions, it was his experience that in approximately half of his cases a plea offer had been withdrawn when such motions are filed. N.T. at 27-31. Thus, he believed that in pursuing the Rule

---

[5] Counsel brought a copy of the Rule 600 motion to the PCRA hearing. N.T. at 26.

[6] Rule 600 provides that a trial must "commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). To determine whether a Rule 600 violation has occurred, a "court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed," and then must "account for any 'excludable time' and 'excusable delay.'" *Commonwealth v. Johnson*, 289 A.3d 959, 981 (Pa. 2023) (quoting *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013)). The court then calculates the adjusted run date by adding any excludable time to the mechanical run date.

600 motion he would have assumed a "calculated risk" of losing both the motion based on the common pleas court's precedent and the Commonwealth's offer of a bottom-end standard range sentence for Appellant in a case where videos and photographs would illustrate his brutal attack on a corrections officer. *Id*. Accordingly, Appellant opted to accept the Commonwealth's offer and pleaded guilty on June 7, 2022. No direct appeal was filed.

At the conclusion of the PCRA evidentiary hearing, the PCRA court rejected Appellant's claim that Attorney Weaver provided ineffective assistance of counsel by advising him to accept the Commonwealth's revised plea offer instead of pursuing a Rule 600 motion. In the PCRA court's subsequent opinion and order, it pointed to the court-based COVID-19 restrictions that were in place during the relevant time and concluded Attorney Weaver had reason to abandon a Rule 600 motion that would fail under the common pleas court's recent decisional law and to secure, instead, the favorable decreased sentence offered by the Commonwealth in its final negotiation.

> There is no debate that Rosario was not brought to trial within 365 days. The criminal complaint was filed on July 13, 2020, and a transport order was not issued until May 19, 2022, and he [was] brought in for jury selection on June 7, 2022. Due to a Judicial Emergency declared in the 21st Judicial District by [the court of common pleas of Schuylkill County] on March 16, 2020, the operation of Rule 600 was suspended, and state prison inmates that had criminal cases pending were not transported for trial. Two other state prison inmates who had cases in Schuylkill County during the same time as Rosario and the Judicial Emergency had

filed Rule 600 motions. Those motions were both denied by then President Judge William Baldwin, citing the suspension of Rule 600 in Schuylkill County since March 16, 2000. Attorney Weaver knew the result of those motions and, at the time, he rightfully concluded that if Rosario had filed a similar motion, it also would have been denied and he may lose the plea offer on the table by pursuing it. Attorney Weaver had a reasonable basis for not pursuing this motion. While one of those Rule 600 motions was appealed to the Pennsylvania Superior Court and remanded for a hearing, we cannot use the case law and knowledge we have now to hold Attorney Weaver ineffective at a time when this case law did not exist.

. . .

Here, both parties were ready and attached for trial on December 1, 2020. The COVID-19 restrictions on court operations as well as on the transfer of inmates of both county and state prisons prevented the court from conducting trials of prisoners. Extreme care was taken to ensure the safety of inmates, who were highly susceptible due to their living conditions, of spreading COVID-19. Limiting the transfer of inmates had been a priority of Court Administration since the pandemic began in March 2020 to protect inmates as well as staff from a "super-spreader" incident.

. . . .

Rule 600 was lawfully suspended between March 17, 2020, and June 14, 2020, but Court Administration under then President Judge Baldwin's direction did not bring any state prisoner cases to trial through the entire 2021 calendar year under the belief that Rule 600 continued to be suspended. Rosario also filed a motion for new counsel, which would delay progression of the case at no fault [of] the Commonwealth. The parties notified the Court they were prepared for trial since December 2021, but state prisoner trials continued to be unavailable due to the limitations and restrictions created by the pandemic. It was not until the Honorable Jacqueline Russell became President Judge of Schuylkill County when the court resumed all normal operations in February 2022 and then at that time, a backlog of cases existed that took time to properly dispose of through the criminal terms established in Schuylkill County. Therefore, the time that had passed since Rosario's mechanical run date would most likely be excusable based upon judicial delay.

PCRA Court Pa.R.A.P. Opinion and Order, 9/22/23, at 5, 7, 8.

In this timely appeal, Appellant presents the following questions for this Court's review.

1. Did [the PCRA court] err in finding that the judicial delay of the Court of Common Pleas was an excusable delay under Rule 600?

2. Did [the PCRA court] err in finding that the Commonwealth acted with due diligence to bring the case to trial?

3. Did [the PCRA court] err in finding that the delay by the Court of Common Pleas was not so egregious as to impair a constitutional right?

Brief of Appellant at 4.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa. Super. 2021). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." ***Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009).

The procedural posture of this matter is that Appellant filed neither a Rule 600 motion with the trial court nor a direct appeal challenging the voluntariness of his guilty plea, as he has filed only a PCRA petition alleging

ineffective assistance of plea counsel for failing to file a Rule 600 motion. To that extent, it was incumbent upon Appellant to set forth the tripartite standard applicable to an ineffectiveness claim and establish each prong before he may obtain relief. Here, Appellant fails to raise and develop an ineffective assistance of counsel argument in his brief, and we may affirm the PCRA order on that basis alone. **See Commonwealth v. Spotz**, 18 A.3d. 244, 282 (Pa. 2011) (holding failure to develop argument regarding all three prongs of ineffective assistance of counsel analysis results in waiver). **See also Commonwealth v. Wehner**, 305 A.3d 1026 (Pa. Super. 2023) (non-precedential decision) (citing *Spotz* for proposition).[7]

Even if we were to address Appellant's issues on their merits, we would conclude they fail to meet his appellate burden to prove, *inter alia*, that counsel lacked a reasonable basis for advising him to accept the Commonwealth's plea offer. In Appellant's PCRA petition, he raised a claim charging plea counsel Weaver with ineffective assistance for failing to file a pretrial motion seeking to vindicate his rule-based right to a prompt trial under Rule 600. Appellant pressed this claim at his counseled PCRA hearing, arguing Attorney Weaver ineffectively advised him to plead guilty without first filing a Rule 600 motion. "[C]ounsel is presumed to be effective and the burden of

_____

[7] **See** Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to an unpublished non-precedential memorandum decision of ... th[is] Court filed after January 15, 2008. Non-precedential decisions ... may be cited for their persuasive value.").

demonstrating ineffectiveness rests on [the petitioner]." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). A failure to meet any of these prongs bars a petitioner from obtaining relief. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012).

Regarding whether counsel had a reasonable basis for the course taken, our Supreme Court has observed:

> With respect to the reasonable basis prong, we have explained that courts should not inquire as to whether there were other, more logical courses of action counsel could have pursued; rather, the appropriate question is whether counsel's decision had any reasonable basis. ***See, e.g.***, ***Commonwealth v. Howard***, 553 Pa. 266, 719 A.2d 233, 237 (1998) ("[W]here matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests."); ***see also Commonwealth v. Reed***, 42 A.3d 314, 324 (Pa. Super. 2012) ("If a reasonable basis exists for the particular course, the inquiry ends and counsel's performance is deemed constitutionally effective."). Indeed, a claim of ineffectiveness ordinarily will not "succeed through comparing, by hindsight, the trial strategy employed with alternatives not pursued." ***Id***.

***Johnson***, 289 A.3d at 979.

At Appellant's PCRA evidentiary hearing, PCRA counsel questioned Attorney Weaver about his decision against filing a Rule 600 motion. Attorney Weaver explained that superficially, the passage of well more than 365 days

from the charging date seemed to lend support for filing a Rule 600 motion, and for this reason he prepared a Rule 600 motion and brought it to court on the day of jury selection. N.T. at 25. A countervailing consideration tempered his optimism, however, as the president judge of the Schuylkill County Court of Common Pleas recently had authored a decision announcing that all the court's Covid-19-related emergency orders implicitly stayed Rule 600 computations of time during the effective dates of such orders, even if the orders had not expressly stated so. Calculating the adjusted run date in conformance with this decision would defeat Appellant's Rule 600 claim.

Against this backdrop, and given his experience that plea deals were often contingent on forgoing defense motions, PCRA counsel determined the "calculated risk" of losing the plea deal by pursuing a Rule 600 motion of questionable merit was great enough to advise Appellant to accept the deal, particularly where counsel had just secured an offer of a reduced term of imprisonment from 36 to 72 months to 27 to 54 months for aggravated assault. N.T. at 16, 22-23, 25-26, 31. Attorney Weaver testified that he conveyed his concerns to Appellant prior to Appellant's decision to accept the plea deal, and the PCRA court, sitting as finder of fact, found Attorney Weaver to be credible.

On this record, we conclude the course chosen by Attorney Weaver had a reasonable basis designed to effectuate Appellant's interests. [8]   Confronted with both an adverse judicial ruling on Rule 600 computations during the effective dates of the Schuylkill County Court's Covid-19 emergency orders and an all but assured guilty verdict and exposure to a lengthier standard range or aggravated sentence, counsel had reason to advise Appellant to accept the plea deal to secure the revised, low-end standard range negotiated sentence.  Accordingly, discerning no merit to Appellant's present appeal, we affirm the PCRA court's order.

Order affirmed.

Judge Murray joins the opinion.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2024

---

[8] We base this conclusion not only on reasons expressed in our decision but also on the rationale expressed by the PCRA court in its opinion and order, reproduced *supra*.