**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN DAVID SMITH | : | |
| | : | |
| Appellant | : | No. 1637 MDA 2023 |

Appeal from the PCRA Order Entered November 8, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005199-2013

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:         **FILED: OCTOBER 25, 2024**

Brian David Smith ("Smith") appeals *pro se* from order dismissing his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The facts underlying Smith's convictions for sexually abusing a ten-year-old girl are known to the parties and not relevant to the issues raised in this appeal. Procedurally, this Court affirmed the judgment of sentence in April 2018, and our Supreme Court denied his petition for allowance of appeal on October 31, 2018. ***See Commonwealth v. Smith***, 190 A.3d 737 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 196 A.3d 1014 (Pa. 2018).

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Smith timely filed a *pro se* PCRA petition in March 2019, and the PCRA court appointed Osmer Deming, Esq. ("Attorney Deming") to represent Smith. Attorney Deming filed an amended PCRA petition in October 2021, but then moved for "reassignment of counsel," citing contractual and insurance issues when representing appointed clients in Berks County. The PCRA court withdrew Attorney Deming's appearance and appointed new counsel, Douglas Waltman, Esq. ("Attorney Waltman"). In May 2022, Attorney Waltman filed a motion to withdraw and a **Turner**/**Finley** letter,[2] wherein he asserted the issues raised in Smith's *pro se* and amended PCRA petitions were meritless. In October 2023, the PCRA court issued a notice of intent to dismiss Smith's amended PCRA petition and granted Attorney Waltman's motion to withdraw. Smith timely filed a *pro se* response, wherein he asserted the trial court lacked subject matter jurisdiction because he was never formally charged by the Commonwealth. **See** Rule 907 Response, 11/2/23. The PCRA court dismissed Smith's amended PCRA petition on November 8, 2023. Smith timely appealed *pro se*. Both Smith and the PCRA court complied with Pa.R.A.P. 1925. The PCRA court noted the issues Smith raised for appeal were not preserved in either Smith's *pro se* or amended PCRA petition.

Smith raises the following issues for review:

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> 1. Whether counsel(s) provided effective assistance, pursuant to 6th Amendment? Based upon the below pleadings denying due process where counsel(s):

>> (a.) Failed to object or challenge the court[']s lack of subject matter jurisdiction[] where no written complaint was ever filed pursuant to Pa.R.Crim.P[. ]135 (B)(4) & (B)(5) in that no arrest warrant was ever issued or returned served.

>> (b.) Failed to object or challenge lack of speedy trial pursuant to the requirements of Pa.R.Crim.P. [] 600[] where no attorney representing the Commonwealth of Pennsylvania, Berks County . . . []ever filed a written complaint . . .

Smith's Brief at 4 (some capitalization and quotation marks omitted).

Our standard of review of an order dismissing a PCRA petition does not permit us to disturb a PCRA court's ruling that is free of legal error. *See* ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). This Court may affirm the PCRA court's ruling on any basis apparent in the record. *See* ***id***.

We summarize Smith's issues together. Smith asserts the absence of a criminal complaint and arrest warrant deprived the magisterial district court and the court of common pleas of subject matter jurisdiction to adjudicate his case. *See* Smith's Brief at 9-10. He also asserts the failure to file a complaint violated Rule 600, although he does not account for includable or excludable time or otherwise assert the Commonwealth failed to commence trial within the adjusted 365-day period. *See **id**.* at 12.[3]

_____

[3] Smith does not address the PCRA court's assertion he failed to raise his issues in his *pro se* or amended PCRA petition, nor does he attempt to address
*(Footnote Continued Next Page)*

- 3 -

As our Supreme Court explained, litigants often conflate subject matter jurisdiction with a court's power to act. ***See Commonwealth v. Mockaitis***, 834 A.2d 488, 495 (Pa. 2003). "[J]urisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result." ***Id***. (citation omitted). "Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution." ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003) (citation omitted). To invoke the jurisdiction of the court of common pleas to adjudicate controversies under the Crime Code, "it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged." ***Commonwealth v. Little***, 314 A.2d 270, 272-73 (Pa. 1974).

Following our review, we conclude Smith's issues are frivolous. Contrary to Smith's assertion, the record contains a copy of the criminal complaint filed against him. **See** Criminal Complaint, 10/9/13. The record also includes an arrest warrant issued by the magisterial district judge. **See** Arrest Warrant, 10/9/13. Moreover, even if the record did not contain a criminal complaint or

---

any of the prongs of an ineffective assistance of counsel claim. Smith clearly waived any issue that the Commonwealth violated Rule 600, or prior counsel were ineffective for failing to raise a speedy trial claim. **See** Pa.R.A.P. 302(a); 2119(a); ***Commonwealth v. Rosario***, 314 A.3d 888, 892 (Pa. Super. 2024). However, we will address his issues to the extent he believes they implicate the trial court's subject matter jurisdiction.

an arrest warrant, his subject matter jurisdiction claim would merit no relief as the Commonwealth also filed an information that afforded Smith with formal notice and specific accusation of the crime charged. ***See Commonwealth v. Jones***, 929 A.2d 205, 211-12 (Pa. 2007); ***Commonwealth v. Kazior***, 410 A.2d 822, 823 (Pa. Super. 1979); ***see also*** Information, 11/13/13. Thus, Smith's issues concerning the trial court's subject matter jurisdiction lack any support in the record or law, and we affirm the order dismissing Smith's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/25/2024

- 5 -