J-A17041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIVENSON PETIT-HOMME | : | |
| | : | |
| Appellant | : | No. 1862 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 16, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007261-2021

BEFORE:  BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED DECEMBER 23, 2024**

Sivenson Petit-Homme ("Petit-Homme") appeals from the judgment of sentence imposed after he entered a conditional guilty plea to numerous violations of the Uniform Firearms Act ("the gun charges").[1]  Because Petit-Homme has waived his appellate arguments by raising a new theory of relief on appeal, we affirm.

_____

[1] ***See*** 18 Pa.C.S.A. §§ 6105, 6106, 6108, 6110.2.  We acknowledge a guilty plea typically waives objections to non-jurisdictional defects.  ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020).  However, the parties and the trial court clearly and expressly agreed to allow Petit-Homme to appeal the denial of a Pa.R.Crim.P. 600 motion as a term of his plea in this case.  ***See*** Written Plea Colloquy, 4/18/23, at 3; N.T. Guilty Plea Hr'g, 4/19/23, at 13.  This Court must honor the terms of a plea bargain.  ***See Commonwealth v. Gillins***, 302 A.3d 154, 161 (Pa. Super. 2023) ("Specific enforcement of valid plea bargains is a matter of fundamental fairness") (citation omitted); ***see also Commonwealth v. Speed***, --- A.3d ---, ---, 2024 WL 4139491 at *2 (Pa. Super. filed Sept. 11, 2024).

We summarize the factual and procedural history of this appeal as follows. In June 2021, a police officer on routine patrol observed an unattended small tan bag, approximately ten-inches-by-ten-inches, behind a convenience store ATM. *See* N.T. Prelim. Hr'g, 8/13/21, at 8-9, 12. Later, the officer saw Petit-Homme with the bag strapped around his shoulder; Petit-Homme went inside the store with the bag, and then left the store without the bag. *See id*. The officer went inside the store, and a clerk informed him Petit-Homme had given her the bag. *See id*. at 11. The clerk turned the bag over to the officers. The officers found a loaded pistol, which had its serial number scratched off ("the pistol"), inside the bag. *See id*. at 8. Petit-Homme had a prior conviction that disqualified him from possessing a firearm. *See id*. at 13.

The officer arrested Petit-Homme and, in June 2021, filed a criminal complaint for the gun charges. The Commonwealth requested DNA testing of the pistol, but proceeded to an August 2021 preliminary hearing before receiving the test results. The officer testified to the facts summarized above, and the Philadelphia municipal court held the gun charges over for trial in the court of common pleas. At that time, statewide and local emergency COVID-19 orders were in effect and suspended Rule 600 in Philadelphia until October 2021.[2]

---

[2] *See Commonwealth v. Malone*, 294 A.3d 1247, 1251 (Pa. Super. 2023) (concluding Rule 600 was unambiguously suspended in Philadelphia County
*(Footnote Continued Next Page)*

In December 2021, the Commonwealth received the DNA test results, which linked Petit-Homme to the pistol, and, in January 2022, the Commonwealth emailed a copy of the DNA test results to the defense.  ***See*** N.T. Rule 600 Hr'g, 4/14/23, at 40, 47; ***see also*** Br. in Opp'n to Rule 600 Mot., 4/12/23, Ex. G.   Following defense continuances, the court, in February 2022, scheduled trial for August 2022 ("the February 2022 scheduling order").[3]

On August 9, 2022, Petit-Homme filed a motion to quash/petition for writ of *habeas corpus* ("motion to quash").   Petit-Homme asserted the testimony at the preliminary hearing did not establish a *prima facie* case he knowingly possessed the pistol.

On August 10, 2022, the Honorable Stephanie M. Sawyer ("Judge Sawyer") heard arguments on the motion to quash.  The Commonwealth did not present evidence based on the DNA test results, or discuss the possible existence of the DNA test results, and relied solely on the preliminary hearing testimony.[4]  Judge Sawyer concluded the Commonwealth failed to establish a

_____

from March 2020 until October 1, 2022, and holding Rule 600 computations did not begin until Rule 600 was no longer unambiguously suspended).

[3] The February 2022 scheduling order stated most pretrial motions should be filed by July 15, 2022.

[4] Petit-Homme also did not refer to DNA test results, despite the uncontested representation that the Commonwealth disclosed the DNA test results to the defense in January 2022.

*prima facie* case and granted Petit-Homme's motion to quash the gun charges that same day.

The Commonwealth timely filed a motion seeking reconsideration of Judge Sawyer's order or a reopening of the record to include the DNA test results. **See** Mot. for Recons., 8/17/22, at 4. On September 2, 2022, Judge Sawyer held a hearing on the Commonwealth's motion. Judge Sawyer limited her consideration to the Commonwealth's request to reopen the record and noted that even if she denied the request, the Commonwealth could refile the charges against Petit-Homme. **See** N.T. Recons. H'rg, 9/2/22, at 15. Petit-Homme objected to reopening the record because the Commonwealth failed to exercise due diligence by not having the DNA test results to respond to his motion to quash. **See id**. at 17. Petit-Homme further asked Judge Sawyer to find all time between her order quashing the charges and all future proceedings would run against the Commonwealth for their lack of diligence. **See id**. at 18. The Commonwealth responded it had misfiled the DNA test results in a case file for another open case against Petit-Homme ("the other case"). **See id**. at 21-22. The Commonwealth stated it found the DNA test results shortly after Judge Sawyer quashed the gun charges and the other case went to a scheduling conference. **See id**. at 22-23.

Judge Sawyer ultimately allowed for the reopening of the record in the interests of judicial economy but asserted: "I am going to specifically state that the timeframe from the prelim[inary hearing] to today is time that should be deemed or calculated against the Commonwealth." **Id**. at 24-30, 29-30.

Judge Sawyer left "open the actual date for [Rule] 600 calculations." *Id*. at 29. Judge Sawyer entered a September 2, 2022 order vacating the quashal order, memorializing her findings, and reinstating the gun charges.

The court then rescheduled trial for April 2023. On March 6, 2023, Petit-Homme filed a Rule 600 motion to dismiss the gun charges, asserting, in relevant part, the Commonwealth failed to exercise due diligence since the preliminary hearing in August 2021. *See* Rule 600 Mot., 3/6/23, at 4. Specifically, Petit-Homme argued Judge Sawyer "ruled on September 2, 2022, 'that the Commonwealth was not diligent in failing to have preliminary hearing including the DNA evidence.' Because the Commonwealth was not diligent, the Commonwealth may not avail itself of appeals to judicial delay 'to exempt the Commonwealth from its obligations under the Rule.'" *See id*. at 4-5 (citation, emphasis, and some capitalization omitted). Petit-Homme concluded that, at the time of his Rule 600 motion, the gun charges were 249 days over the Rule 600(A) speedy trial limit. *See id*. at 5.

The Commonwealth responded to Petit-Homme's Rule 600 motion and asserted the delays from Petit-Homme's arrest to the February 2022 scheduling order were excluded from Rule 600 by the COVID-19 emergency orders and Petit-Homme's requests for continuance. *See* Br. in Opp'n to Rule 600 Mot., 4/12/23, at 16. The Commonwealth countered its mishandling of the DNA test results only caused twenty-three days of delay. *See id*. at 17.

The Honorable Giovanni Campbell ("Judge Campbell") heard arguments on the Rule 600 motion on April 14, 2023. Petit-Homme asserted his claim,

based solely on Judge Sawyer's prior determination, that more than 365 days attributable to the Commonwealth passed since the preliminary hearing. *See* N.T. Rule 600 Hr'g, 4/14/23, at 3-7. In particular, Petit-Homme emphasized that due diligence required the Commonwealth to have sought a continuance of the preliminary hearing to obtain the DNA test results. *See id*. at 7. Petit-Homme focused his argument on the time from the August 2021 preliminary hearing to Judge Sawyer's September 2022 reinstatement of the gun charges. *See id*. at 15, 33. Judge Campbell, along with the parties, then calculated the days attributable to Rule 600 during that period, and at the conclusion of the hearing, Petit-Homme's counsel appeared to concede 365 days had not run against the Commonwealth. *See id*. at 50. Petit-Homme did not assert the period after Judge Sawyer reinstated the charges should run against the Commonwealth. *See id*.

Judge Campbell denied the Rule 600 motion on April 14, 2023, and, on April 19, 2023, Petit-Homme entered a conditional guilty plea to all of the gun charges. The trial court, with a third jurist presiding, accepted the plea, and on June 16, 2023, sentenced Petit-Homme to thirty-three to ninety-six months of imprisonment.

Petit-Homme timely filed a post-sentence motion, which the trial court denied, and he timely appealed. Petit-Homme complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement, and Judge Campbell, in relevant part, authored a Rule 1925(a) opinion reasoning that (1) Judge Sawyer's statements regarding the Commonwealth's lack of diligence when

proceeding to a preliminary hearing without the DNA test results failed to account for the COVID-19 emergency orders or the defense continuances before the February 2022 scheduling order; (2) there was no evidence that the Commonwealth failed to exercise diligence when obtaining the DNA test results; and (3) Petit-Homme caused the delay by filing an untimely motion to quash that should have been filed as part of an omnibus pretrial motion within thirty days of his arraignment. *See* Trial Ct. Op., 11/9/23, at 2-3. In apparent response to the arguments at the Rule 600 hearing, Judge Campbell concluded no more than 336 days could have passed after the end of the COVID-19 emergency orders to the filing of the motion to quash. *See id*. at 3.

Petit-Homme raises the following issue for our review:

> Did not the trial court commit an error of law and abuse its discretion in denying . . . Petit-Homme's motion to dismiss the bill of information pursuant to violation of Rule 600(A) where the Commonwealth failed to exercise due diligence by not bringing . . . Petit-Homme to trial within 365 days?

Petit-Homme's Brief at 3 (some capitalization omitted).

The following principles govern our review:

> [I]n evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Herring*, 271 A.3d 911, 915 (Pa. Super. 2022), *appeal denied*, 288 A.3d 865 (Pa. 2022) (internal citations and brackets omitted). Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the trial court's findings of fact. *See id*.

Rule 600 requires that a trial commence within 365 days from the filing of the written complaint. *See* Pa.R.Crim.P. 600(A)(2)(a). To compute the running of the 365 days, Rule 600 instructs that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." *See* Pa.R.Crim.P. 600(C)(1).

To determine whether a Rule 600 violation has occurred, a court first calculates the mechanical run date by adding 365 days from the date the complaint was filed. *See Commonwealth v. Rosario*, 314 A.3d 888, 890 n.6 (Pa. Super. 2024). The court then adjusts the mechanical run date for any excludable time and excusable delay. *See id*. To establish excusable delay, the Commonwealth bears the burden of demonstrating that it exercised due diligence in bringing a defendant to trial within the Rule 600 limit. *See Commonwealth v. McCarthy*, 180 A.3d 368, 375 (Pa. Super. 2018). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been

put forth." ***Commonwealth v. Risoldi***, 238 A.3d 434, 449-50 (Pa. Super. 2020).

On appeal, Petit-Homme now concedes 248 days, between the filing of the complaint and the February 2022 scheduling conference, were excludable from Rule 600 because of the COVID-19 emergency orders and defense requests for continuances. ***See*** Petit-Homme's Brief at 9-10. However, he observes 224 days ran from the February 2022 scheduling order and the rescheduling of trial in September 2022. ***See id***. Additionally, he notes an additional 204 days ran from scheduling of a new trial to Judge Campbell's denial of his Rule 600 motion. ***See id***. Petit-Homme contends these 428 days were includable in a Rule 600 calculation pursuant to ***Commonwealth v. Harth***, 252 A.3d 600 (Pa. 2021), and ***Commonwealth v. Mills***, 162 A.3d 323 (Pa. 2017), because the Commonwealth misplaced the DNA test results, did not diligently respond to the motion to quash, or establish its trial readiness by demonstrating its witnesses would have been available for the August 2022 trial date. ***See id***. at 17-20. He concludes Judge Campbell erred because he never considered whether the Commonwealth failed to exercise due diligence and only held Petit-Homme responsible for any delays. ***See id***. at 21-22.

At the outset, we emphasize Petit-Homme's arguments in the trial court raised different claims than presented on appeal. As noted above, Petit-Homme's Rule 600 motion relied on Judge Sawyer's statement when reinstating the gun charges and focused on the delay between the preliminary

hearing and the reinstatement of the gun charges. **See** N.T. Rule 600 Hr'g, 4/14/23, at 3-7, 15, 33. Specifically, Petit-Homme asserted a Rule 600 violation based on the Commonwealth's lack of due diligence when it elected to proceed to the preliminary hearing without the DNA test results. **See id**. On appeal, however, Petit-Homme focuses on **all time after** the February 2022 scheduling order because the Commonwealth did not have a copy of the DNA test results and presented no evidence that it would have been ready for trial after the February 2022 scheduling order.

The difference between Petit-Homme's arguments before the trial court and on appeal is significant. Petit-Homme's arguments before the trial court did not afford notice to the Commonwealth to present evidence that all of its witnesses and evidence would have been ready for the August 2022 trial date. Similarly, Petit-Homme's arguments before Judge Campbell did not alert the court that Petit-Homme intended to argue the lack of due diligence beyond Judge Sawyer's findings that the Commonwealth should have waited for the DNA test results before proceeding to a preliminary hearing. Indeed, Petit-Homme did not ask Judge Campbell to address any of the time **after** the reinstatement of the gun charges, which is the period critical to his argument in this appeal. **See** N.T. Rule 600 Hr'g, 4/14/23, at 50. This Court will not consider novel legal theories not presented to the trial court. **See** Pa.R.A.P. 302(a). Thus, we are constrained to find Petit-Homme's appellate argument waived. **See** Pa.R.A.P. 302(a); **see also Commonwealth v. Jones**, 321 A.3d 946, 2024 WL 2105951 at *5 (Pa. Super. May 10, 2024) (unpublished

memorandum citable pursuant to Pa.R.A.P. 126) (finding novel theories for relief raised on appeal waived where the defendant only challenged the excludability of defense continuance before the trial court for the purpose of Rule 600 calculations), *appeal denied*, --- A.3d ---, 2024 WL 4022872 (Pa. Sept. 3, 2024).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2024