J-S29023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIL LUTE JONES | : | |
| | : | |
| Appellant | : | No. 289 WDA 2025 |

Appeal from the PCRA Order Entered February 20, 2025
In the Court of Common Pleas of Erie County Criminal
Division at No(s):  CP-25-CR-0001431-2022

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED:  December 9, 2025**

Jamil Lute Jones ("Jones") appeals *pro se* from the dismissal of his first petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Following our review, we conclude the record supports the PCRA court's conclusion that Jones's Pa.R.Crim.P. 600-related claims are waived in part and otherwise meritless.  Accordingly, we affirm the dismissal order.

We take the relevant factual and procedural history from the PCRA court:

> Jones was originally charged with aggravated assault[ (attempt to cause or cause bodily injury with a weapon)].  Attorney Bruce Sandmeyer [("Attorney Sandmeyer")] was appointed to represent him.  During the course of his representation, Att[orney] Sandmeyer filed a motion to dismiss pursuant to Pennsylvania Rule [of Criminal Procedure] 600. . . .  The motion to dismiss pursuant to Rule 600 was filed on September 12, 2023, and after

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541–9546.

requesting an extension of time, the Commonwealth filed its response to the motion to dismiss on December 21, 2023. [The court] issued an order denying the motion . . . on December 22, 2023.

\* \* \* \*

On July 30, 2024, Jones, represented by Att[orney] Sandmeyer[,] entered a [negotiated] plea of guilty to . . . aggravated assault. [In light of a sentencing agreement,] the parties proceeded to sentencing. [The c]ourt imposed [a] sentence [of ten to twenty-three months of imprisonment], which was less than the 12-month minimum sentence at the lowest end of the standard range of the Pennsylvania Sentencing Guidelines for this specific offense.

Despite his decision to voluntarily enter into a plea and immediately proceed to sentencing, Jones subsequently filed a *pro se* PCRA Petition. [Attorney William Hathaway ("Attorney Hathaway")] was appointed to represent [Jones], and after reviewing the allegations, submitted a no-merit letter.

PCRA Order, 2/20/25, at 2-3 (capitalization standardized).

The PCRA court granted the motion to withdraw and, following a hearing at which the court heard argument from Jones and the Commonwealth, and indicated its preliminary conclusion that Jones was not entitled to relief, the court granted Jones an opportunity to file a supplement to the petition.[2] The court thereafter dismissed the petition. Jones timely appealed *pro se*. Both Jones and the PCRA court complied with Pa.R.A.P. 1925.

Before considering the issues raised in this appeal, we note Jones's *pro se* brief fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Specifically, Jones omits the reference to the

---

[2] *See* Pa.R.Crim.P. 907.

order or other determination in question and, more importantly, the statement of questions presented. *See* Pa.R.A.P. 2115, 2116. This Court is willing to liberally construe materials filed by a *pro se* litigant; however, *pro se* status confers no special benefit upon Jones. ***See, e.g.***, ***Commonwealth v. Wheeler***, 314 A.3d 1286, 1288 n.7 (Pa. Super. 2024). In the instant case, because we are able to discern two issues related to Rule 600—namely, assertions of error arising from the PCRA court's determination that Jones is not entitled to relitigate his Rule 600 issue at the PCRA stage and that trial counsel was not ineffective with respect to his stewardship of the Rule 600 motion—we proceed to review Jones's issues despite the defects in Jones's brief.[3]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are

---

[3] Rule 600 provides that trial must commence within 365 days of when the criminal complaint is filed. To determine whether a Rule 600 violation has occurred, a court must calculate the mechanical run date (*i.e.*, the date which is 365 days after the complaint is filed), and then add any excludable time to the mechanical run date. *See*, *e.g.*, ***Commonwealth v. Rosario***, 314 A.3d 888, 890 n.6 (Pa. Super. 2024) (generally discussing Rule 600); ***accord*** ***Commonwealth v. Lear***, 325 A.3d 552, 560 (Pa. 2024) (providing that delays caused by the Commonwealth during which it failed to exercise due diligence count for purposes of computing the time within which trial must commence, but other periods of delay are excludable).

supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted).

In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); *see also Commonwealth v. Benner*, 147 A.3d 915, 919-20 (Pa. Super. 2016). Generally, to prevail on an ineffectiveness claim, the petitioner has the burden to prove: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Benner*, 147 A.3d at 920 (internal citations and quotations omitted). Counsel is presumed effective, and the failure to satisfy any of these prongs is fatal to a petitioner's claim. *See id*. "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's

burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011).

In his first issue, Jones argues that the PCRA court erred in concluding he could not raise his Rule 600 issue at the PCRA stage. Jones argues he did not waive his Rule 600 issue by pleading guilty, as his post-sentence rights form told him he did not need to file a post-sentence motion to preserve his appellate rights. ***See*** Jones's Br. (unnumbered at 7). He also argues the merits of his Rule 600 issue, asserts the trial court wrongly decided the motion, and maintains he did not waive appellate review of the disposition of his Rule 600 motion. ***See id***. at 8-12.

The PCRA court considered Jones's issue and concluded it was waived:

> Assuming, arguendo, the certain time calculations were incorrect[] (the court must state that it is not making that determination), Jones's voluntary decision to enter a knowing and voluntary plea meant that further litigation of that issue would not occur.
>
> * * * *
>
> There are . . . exceptions . . . such as where a defendant specifically preserves his right to pursue a certain issue on appeal even when a plea is entered. That obviously did not occur in this case. There is nothing in the record indicating that, at the time of the plea, Jones wished to preserve for appeal a challenge to the Court's denial of motion to dismiss pursuant to Rule 600, nor was any post-sentence motion filed attempting to preserve that right.

PCRA Order, 2/20/25, at 4 (capitalization standardized).

We note that claims raised in a PCRA petition that could have been raised on direct appeal are waived for review at the PCRA stage of litigation unless developed as an allegation of prior counsel's ineffective assistance. *See Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) (direct claims of trial court error that could have been raised in direct appeal are waived under PCRA). Because Jones could have raised a Rule 600 claim on direct appeal, it is waived for purposes of relitigating at the PCRA stage.[4]

In his second issue, Jones asserts an ineffectiveness claim stemming from Attorney Sandmeyer's stewardship of his Rule 600 motion. *See* Jones's Br. (unnumbered at 4-5).

Where a PCRA claim hinges on ineffectiveness in connection with a Rule 600 motion, it is "incumbent upon [the petitioner] to set forth the tripartite standard applicable to an ineffectiveness claim and establish each prong before he may obtain relief." *Rosario*, 314 A.3d at 892. Where an appellant "fails to raise and develop an ineffective assistance of counsel argument in his

---

[4] We observe that the record shows Jones knew his Rule 600 motion was dismissed prior to pleading guilty. *See* Jones's Letter to J. Brabender, 7/18/24 (referring to previous correspondence in which Jones requested the court reconsider and grant his Rule 600 motion). Almost two weeks later, Jones pleaded guilty after signing a statement of understanding of rights and participating in a verbal guilty plea colloquy. *See* Statement of Understanding, 7/30/24; N.T., 7/30/24, at 7-9. Nothing in the record demonstrates Jones attempted to preserve a Rule 600 issue for appeal as part of his plea agreements. *See Commonwealth v. Adams*, 327 A.3d 667, 670 (Pa. Super. 2024) (finding Rule 600 claim waived where there was no mention of Rule 600 at plea or sentencing).

brief, and we may affirm the PCRA order on that basis alone." *Id*. Additionally, in a PCRA context, it is the petitioner's burden to demonstrate "there was arguable merit to the proposed motion and that he was prejudiced by the failure of . . . counsel to pursue it." *Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021).

Here, Jones argues Attorney Sandmeyer was ineffective for failing to file an interlocutory appeal of the Rule 600 disposition as well as a direct appeal after Jones entered his plea. *See* Jones's Br. (unnumbered at 5). He asserts counsel failed to properly argue the motion and that, because he preserved a Rule 600 issue by filing the motion, counsel should have also pursued it on appeal. *See id*.

The PCRA court disagreed and explained that Jones pleaded guilty, so counsel's ineffectiveness had to cause him to enter the plea involuntarily or unknowingly. *See* PCRA Ct. Op., 4/30/25, at 2. The PCRA court, concluding Jones's plea was "knowing and voluntary[,]" did not elaborate further. Order, 2/20/25, at 4. In its 1925(a) opinion, the PCRA court clarified Jones "had the opportunity to clarify information on the legal and factual basis of the charges against him, speak on his own behalf, and be properly assisted by his trial counsel . . . ." PCRA Ct. Op., 4/30/25, at 2. Further, citing the plea colloquy, the court explained Jones "did manifest his knowing and voluntary intention to enter the guilty plea." *Id*. at 5. The PCRA court found the colloquy and exchanges "clear[ly] indicat[ed] that trial counsel was not ineffective in

assisting [Jones] in voluntarily and knowingly entering his guilty plea." *Id*. at 6.

Following our review, we conclude Jones is due no relief because he fails to demonstrate arguable merit to his ineffectiveness claim and also prejudice.[5] We note that while Jones asserts 450 days had passed since the filing of the criminal complaint when he filed his Rule 600 motion, and he points to Commonwealth delays following the filing of his motion, he does not explain how his Rule 600 motion was meritorious; instead, he notes two of his own continuances and then ceases the analysis. *See* Jones's Br. at 5-6. Thus, Jones has failed to show that there is arguable merit to, or the requisite

_____

[5] We agree with the PCRA court that trial counsel was not ineffective, but on different grounds. *See Commonwealth v. Beck*, 848 A.2d 987, 991 (Pa. Super. 2004) (explaining we may affirm the decision of denial if it is correct on any basis). The PCRA court adopted the legal standard for PCRA petitions alleging ineffective assistance of counsel in relation to a guilty plea. *See* PCRA Ct. Op., 4/30/25, at 2. The court explained "[e]ven though Att[orney] Sandmeyer . . . file[d] a motion to dismiss pursuant to Rule 600, which [was] denied, and despite the fact that Jones then entered a plea and was sentence[d], Jones maintains that Att[orney] Sandmeyer provided ineffective representation, and . . . this Court should allow him to re-litigate the Rule 600 motion." Order, 2/20/25, at 3 (capitalization standardized). However, Jones does not appear to allege in his PCRA petition or in his present appeal that counsel's ineffectiveness influenced his plea; rather, Jones states "counsel failed to file any appeal or post-sentence motion regarding Rule[]600." Jones's Br. (unnumbered at 11). Because he does not connect ineffectiveness with the voluntariness of his guilty plea, we analyze his claim under the general standard for ineffective assistance of counsel. *Cf*. *Rosario*, 314 A.3d at 891-93 (analyzing an ineffectiveness claim in connection with a Rule 600 issue under the three-prong test where the issue was not framed as ineffectiveness causing an involuntary guilty plea).

resulting prejudice arising from, Attorney Sandmeyer's asserted ineffectiveness related to the Rule 600 motion.[6] ***Cf***. ***Rosario***, 314 A.3d at 892 (requiring satisfaction of the three-part ineffectiveness test where counsel is allegedly ineffective for failing to file a Rule 600 motion). Additionally, while Jones faults counsel for failing to file a direct appeal "despite his assurance," Jones has not shown that the appeal would have been successful, ***see Adams***, 327 A.3d at 670 (concluding a Rule 600 claim was waived where it was not mentioned at the plea or sentencing hearings), and despite asserting counsel "abandoned" him, he has not claimed in his appellate brief he unequivocally requested counsel file a direct appeal, after which counsel declined to file it, nor does Jones argue Attorney Sandmeyer was ineffective *per se*. ***See Commonwealth v. Markowitz***, 32 A.3d 706, 715-16 (Pa. Super. 2011) (providing that to establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal, and where there is no request for counsel to file a direct appeal, counsel cannot be *per se* ineffective for failing to file a direct appeal).[7]

---

[6] A defendant must have a valid Rule 600 claim at the time they file their motion to obtain relief. ***See Commonwealth v. Brown***, 875 A.2d 1128, 1134 (Pa. Super. 2005).

[7] We note Jones did not assert in his PCRA petition that counsel was ineffective *per se* for failing to file a requested appeal. Additionally, when asked by the PCRA court at argument whether he had asked counsel to file an appeal, Jones answered affirmatively, yet when given the opportunity to file a supplement with the court prior to the dismissal order, he did not argue Attorney

*(Footnote Continued Next Page)*

In sum, the PCRA court properly concluded Jones was not entitled to relitigate his Rule 600 issue at the PCRA stage. To the extent Jones asserts ineffective assistance of counsel arising from Attorney Sandmeyer's handling of his Rule 600 motion, it is Jones's burden to plead and adequately brief the three-prongs of his ineffectiveness claim, which he has failed to do. **See Wiggins**, 248 A.3d at 1289.[8]

Based on the foregoing, we affirm the PCRA court's order denying Jones's first PCRA petition.

Order affirmed.

_____

Sandmeyer was ineffective *per se* for failing to file a direct appeal, and he did not seek reinstatement of his appellate rights *nunc pro tunc*. **See generally** *Pro Se* PCRA Pet., 8/19/24; *Pro Se* Response, 1/23/25. We observe that of the remedies Jones seeks, he does not include reinstatement of his appellate rights *nunc pro tunc*, which is the remedy for ineffectiveness *per se* arising from failure to file a requested direct appeal. **See**, **e.g.**, **Commonwealth v. Bronough**, 670 A.3d 147, 528, 532-33 (violation of the right to a direct appeal requires reinstatement of direct appeal rights *nunc pro tunc*).

[8] As stated above, Jones's *pro se* status confers on him no special benefits. **See Wheeler**, 314 A.3d at 1288 n.7. This Court will not act as an advocate and develop an appellant's arguments. **See Commonwealth v. Reid**, 259 A.3d 395, 393 (Pa. 2021) (providing that an appellate court "may not act as [an a]ppellant's advocate and search the . . . certified record to confirm [his] allegation").

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


DATE: <u>12/09/2025</u>